# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

# 04 · 10050 NG

MAGISTRATE JUDGE ~~Bowler~~

BLACKWELL PUBLISHING, INC., )
ELSEVIER, INC., )
ELSEVIER B.V., )
WALTER de GRUYTER GmbH & CO. KG )
MASSACHUSETTS MEDICAL SOCIETY )
WILEY-LISS, INC., )
    and )
WILEY PERIODICALS, INC., )
  )
    Plaintiffs )
  )
    v. )
  )
FEDERAL STATE OF NORDRHEIN- )
WESTFALEN, GERMANY, d/b/a ZBMED )
  )
    Defendant. )

Civil Action No. _____

AMOUNT $ 150    53006
SUMMONS ISSUED ___ yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
1/9/04 pom

## COMPLAINT

This is an action for infringement of copyrights belonging to plaintiffs, in
violation of Title 17 of the U.S. Code and, as more fully set forth herein, of the laws of
foreign countries, and for false advertising in violation of the laws of the United States
and other countries. Plaintiffs complain of defendant as follows:

### Parties

1. Plaintiff Blackwell Publishing, Inc. (sometimes hereinafter "Blackwell") is a
Delaware corporation having its principal place of business at 350 Main Street, Malden,
Massachusetts 02148. It is engaged in the business of publishing books and journals in
medicine and other fields, including but not limited to the journal identified in this action.

1

2.  Plaintiff Elsevier, Inc. ("Elsevier U.S.") is a business corporation organized and existing under the laws of New York, and having a place of business at 275 Washington Street, Newton, Massachusetts. It is engaged in the business of publishing scholarly books and journals in medicine and other fields, including but not limited to the journal specifically identified in this action.

3.  Plaintiff Elsevier B.V. is a business corporation organized and existing under the laws of The Netherlands, and having its principal place of business at Sara Burgerhartstraat 25, 1055 KV Amsterdam, The Netherlands. It is engaged in the business of publishing scholarly books and journals in medicine and other fields, including but not limited to the journal specifically identified in this action.

4.  Plaintiff Walter de Gruyter GmbH KG ("de Gruyter") is a business corporation organized under the laws of Germany and having its principal place of business at Genthiner Strasse 13, D-10785 Berlin, Germany. It is engaged in the business of publishing scholarly books and journals in medicine and other fields, including but not limited to the journal specifically identified in this action.

5.  Plaintiff Massachusetts Medical Society is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts and having its principal place of business at 860 Winter Street, Waltham Woods Corporate Center, Waltham, MA 02451. Founded in 1781, it is the oldest continuously operating medical society in the United States. It is also one of the world's leading publishers of medical research and other medical information.

6.  Plaintiff Wiley-Liss Inc. is a business corporation organized and existing under the laws of Delaware and having its principal place of business at 111 River Street,

2

Hoboken, New Jersey 07030. It is engaged in the business of publishing journals in medicine and other fields.

7. Plaintiff Wiley Periodicals, Inc. is a business corporation organized and existing under the laws of Delaware and having its principal place of business at 111 River Street, Hoboken, New Jersey 07030. It is engaged in the publication of journals in medicine and other fields. Together with plaintiff Wiley-Liss, Inc., it is sometimes referred to herein as "Wiley.")

8. Defendant Federal State of Nordrhein-Westfalen is a federal state within the country of Germany. It oversees and is responsible for the operations of an entity known as the German National Library of Medicine (in German, the "Deutsche Zentralbibliothek Fuer Medizin"), which in the conduct of at least certain activities is known by its abbreviation or trademark "ZBMed." Defendant will be referred to in this Complaint as "ZBMed." ZBMed has its principal place of business at Joseph-Stelzmann-Strasse 9, 50931 Cologne, Germany. It is engaged in, *inter alia*, the business of reproducing and distributing, for profit, upon request of individuals and entities throughout the United States and elsewhere, material published and owned by others including but not limited to the plaintiffs in this action. Plaintiffs are informed and believe that defendant is represented in legal actions by its Director, who at present is an individual named Ulrich Korwitz. Ulrich Korwitz's address as Director is Joseph-Stelzmann-Strasse 9, 50931 Cologne, Germany.

3

### Jurisdiction and Venue

9. This Court has jurisdiction over the copyright claims and Lanham Act claim of this Complaint under 28 U.S.C. §1338(a), and over the other claims of this Complaint under general principles of pendant jurisdiction.

10. This Court has personal jurisdiction over the defendant through its contact and business transactions within the Commonwealth of Massachusetts, including without limitation the delivery of the documents identified in this action.

11. Defendant ZBMed is subject to the jurisdiction of this Court under the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 et seq., because, without limitation, this action is based upon commercial activity carried on the United States by ZBMed, and/or upon acts performed in the United States in connection with ZBMed's commercial activity in Germany, and/or upon acts outside the United States in connection with ZBMed's commercial activities in Germany that have caused direct harm in the United States.

12. Venue is appropriate in this Court under 28 U.S.C.§1400(a).

### Facts

13. Plaintiff Blackwell publishes medical books and journals that are sold throughout the world. Among its journals is one entitled *Pediatric Dermatology*.

14. Plaintiff Elsevier U.S. publishes medical books and journals that are sold throughout the world. Among its journals is one entitled *Journal of Surgical Research*.

15. Plaintiff Elsevier B.V. publishes medical books and journals that are sold throughout the world. Among its journals is one entitled *Clinical Neurology and Neurosurgery*.

4

16. Plaintiff de Gruyter publishes medical books and journals that are sold throughout the world, including in the United States. Among its journals is one entitled *Biological Chemistry*.

17. Plaintiff Massachusetts Medical Society publishes *The New England Journal of Medicine,* the world's premier journal of general medicine, which is sold throughout the world.

18. Plaintiff Wiley publishes medical journals that are sold throughout the world. Among its journals are two entitled *Neuroscience Research Communications* and *Synapse*.

19. The journals identified above are sometimes collectively referred to in this Complaint as "Plaintiffs' Journals."

20. All of Plaintiffs' Journals are edited by noted scholars in their respective fields. The content of Plaintiffs' Journals consists primarily of peer-reviewed articles in those fields. Each article is written by one or more scientists, generally though not exclusively on the basis of original research.

21. Each plaintiff, as a matter of standard practice, requires that the scientists who contribute articles to its publications assign all copyrights for all countries of the world in those articles to the publisher. This enables each plaintiff to seek out the greatest number of markets for the journal concerned and for its contents, thereby maximizing dissemination of the article.

22. Specifically, but without limitation of the foregoing, plaintiffs have, in connection with their respective journals, secured transfers of copyright from the authors

5

of the articles listed on <u>Exhibit A</u> to this Complaint. The copyrights thus transferred are those involved in Counts 1-12, *infra*, of this Complaint.

23. Plaintiffs invest heavily in their journal publishing programs. Each year they incur substantial costs for support of the editorial offices of their Journals, for copyediting and proofreading, and for typesetting, layout, printing, binding, distribution, and promotion.

24. The revenue from publication and other reproduction of Plaintiffs' Journals is a significant portion of plaintiffs' annual revenues and therefore critical to their financial health.

25. Plaintiffs risk serious financial injury if their copyrights are not respected. A substantial decline in their journal income could cause plaintiffs to cease publication of one or more journals. This would have an adverse impact on the scholarly community and on scientific progress, by making it more difficult to publish worthwhile scientific research.

26. Defendant ZBMed operates a service of that name that provides, on demand, copies of individual articles from journals, individual chapters from books, and other similar material. Companies engaged in this business are known in the marketplace as "document delivery services." ZBMed's Internet website is located at www.zbmed.de.

27. In the recent past, plaintiffs discovered that ZBMed was delivering copyrighted materials into the United States by Internet transmission, and doing so without obtaining permission from the owners of copyright in such materials. In order to document the existence of such activity, plaintiffs asked an independent party – Newjen

6

Corporation, of Billerica, Massachusetts ("Newjen") - to test ZBMed's compliance with copyright by ordering from ZBMed copies of articles from Plaintiffs' Journals.

28. Over a period of several months preceding the filing of this Complaint, Newjen, at plaintiffs' request, placed online orders for various articles from Plaintiffs' Journals with ZBMed. Newjen did not volunteer and was not asked for what purpose such copies would be used.

29. As part of the ordering process, ZBMed asks customers to identify which of the following groups they belong to:

> User group 1
>     includes students, pupils, trainees, associates of colleges and universities, employees of research institutes and government agencies.
> User group 2
>     includes companies, self-employed, i.e. all "commercial" users.
> User group 3
>     includes private individuals.

(See Exhibit C hereto, more fully described below.) In placing its orders, Newjen always identified itself as a "commercial" user.

30. Within days – or, in the case of rush orders, within hours – after receiving Newjen's orders, and without requesting or receiving permission from any of the plaintiffs, ZBMed made and delivered to Newjen, in PDF format via email, a copy of each article requested by Newjen.

31. Plaintiffs believe, on the basis of the foregoing, that ZBMed routinely responds to document copy requests for material from journals published by plaintiffs, in the same manner as described above and that it has made hundreds or thousands of unauthorized copies of such material and delivered them into the United States and other countries as well as within Germany.

7

32. The articles from Plaintiffs' Journals that ZBMed copied and delivered to Newjen are listed on Exhibit A hereto. Copies of the respective first pages of these articles, as printed from the Adobe Acrobat "PDF" files delivered by ZBMed, are attached hereto as, collectively, Exhibit B.

33. Plaintiffs Blackwell, Elsevier U.S., Wiley, and Massachusetts Medical Society have registered, or taken all steps required to register, copyright in the issues of each respective journal in which such articles were published. The registration number applicable to each article appears on Exhibit A in the last column corresponding to each article.

34. The Plaintiffs' Journals published by plaintiffs Elsevier B.V. and de Gruyter are first published outside the United States, have not been registered in the U.S. Copyright Office, and do not need to be registered as a prerequisite to suit thereon.

35. Plaintiffs are informed and believe that ZBMed knows that its activities as described herein violate the laws of the United States and of other countries.

36. As part of the ordering information on its website, ZBMed states the following:

> Prices differ according to user groups, services and delivery to European or Non-European countries. Please assign yourself to one of the below mentioned user groups. Copyright fees are included.

The page where this statement appears, and other relevant pages of ZBMed's website, are attached hereto as Exhibit C. However, contrary to its representation, ZBMed does not in fact pay any copyright fees to plaintiffs for its activities, and does not seek their permission for such activities. Indeed, the copyright fees that plaintiffs would charge

8

ZBMed were they to grant ZBMed permission exceed the fees that ZBMed charges its customers and therefore cannot possibly have been taken into account by ZBMed in computing its own fees. For example, Wiley charges other document deliverers $30.00 per article for permission to provide copies of *Synapse* and *Neuroscience Research Communications* to customers within the United States. Such fee exceeds the entire amount charged by ZBMed to Newjen for delivery of such article.

37. ZBMed also operates, in collaboration with a German governmental database service known as Deutsches Institut für Medizinische Dokumentation und Information ("German Institute of Medical Documentation and Information"), an on-line service known as "MedPilot." (The website for MedPilot is www.medpilot.de.) Plaintiffs are informed and believe that ZBMed offers document delivery through MedPilot of the same publications that it offers through ZBMed. See Exhibit D hereto.

38. Plaintiffs have suffered substantial monetary harm from ZBMed's unauthorized copying. Plaintiffs will continue to suffer monetary harm if ZBMed is permitted to continue its infringing activities. In addition, if ZBMed is permitted to continue copying material from plaintiffs' copyrighted publications, plaintiffs will suffer ongoing injury that cannot be quantified in money damages.

39. ZBMed's falsely advertising that "copyright fees are included" in articles ordered through ZBMed has injured plaintiffs by giving false reassurance to the public that plaintiffs' copyrights would be respected, therefore inducing customers to order articles from plaintiffs' publications including but not limited to Plaintiffs' Journals.

ON THE BASIS OF THE FOREGOING, plaintiffs sue defendant under the following counts:

## COUNTS 1- 12

### Copyright Infringement – Unauthorized Distribution within the United States

40. Defendant ZBMed has infringed copyright in each of the articles numbered 1 through 12 on Exhibit A by causing such article to be distributed electronically within the United States without permission of the plaintiff copyright owner, in violation of the copyright owner's right under 17 U.S.C. §106(3). The infringement of each separate article is a separate count in this Complaint.

41. Plaintiffs are informed and believe that defendant has in like manner infringed other copyrights owned by plaintiffs, the identification of which will be determined in the course of discovery.

## COUNTS 13 - 24

### Copyright Infringement – Unauthorized Importation into the United States

42. Defendant has infringed copyright in each of the articles numbered 1 through 12 on Exhibit A by causing such article to be electronically imported into the United States without permission of the plaintiff copyright owner, in violation of the copyright owner's right under 17 U.S.C. §602. The infringement of each separate article is a separate count in this Complaint (the count number for unauthorized importation being the count number for unauthorized distribution plus 12).

43. Plaintiffs are informed and believe that defendant has in like manner infringed other copyrights owned by plaintiffs, the identification of which will be determined in the course of discovery.

10

## COUNTS 25 - 36

### <u>Copyright Infringement – Unauthorized Reproduction in Germany</u>

44. Plaintiffs are informed and believe that defendant's reproduction of the articles identified on Exhibit A was unauthorized under German law. Such unauthorized reproduction was an integral part of the infringement that has subsequently occurred within the United States, and contributed to the injury suffered by plaintiffs within the United States. The infringement of each separate article by means of such unauthorized reproduction is a separate count in this Complaint (the count number for unauthorized importation being the count number for unauthorized distribution plus 24).

45. Plaintiffs are informed and believe that defendant has in like manner infringed other copyrights owned by plaintiffs, the identification of which will be determined in the course of discovery.

## COUNT 37

### <u>Copyright Infringement Within Countries Other Than the United States</u>

46. Based on the evidence stated above, plaintiffs are informed and believe that defendant is engaged in reproduction, distribution, issuing to the public, importation, communication to the public, and/or making available to the public, of works or copies of works the identify of which is not yet known to plaintiffs, in and to countries other than the United States, without permission and in violation of plaintiffs' rights under the laws of those several countries.

47. Those plaintiffs that are domiciled within the United States – namely, Blackwell, Elsevier U.S., Massachusetts Medical Society, and Wiley (the "U.S. Plaintiffs")–are entitled to relief from this Court on account of such infringement.

48. The identification of the works infringed and the countries where the U.S. Plaintiffs' rights have been violated will be determined in the course of discovery.

49. All plaintiffs not domiciled within the United States expressly reserve their rights to sue for such extraterritorial infringement under the laws of the several countries concerned and in the appropriate forum or fora.

## COUNT 38

### False Advertising – Violation of the Lanham Act

50. Defendant's statement assuring customers that "copyright fees are included" in ZBMed's charges is patently false at least as regards those reproductions of material from Plaintiffs' Journals that have been imported into and distributed within the United States. It therefore constitutes false advertising in violation of Section 43(a) of the Lanham Act, 17 U.S.C. §1125(a).

## COUNT 39

### False Advertising – Violation of State Law

51. Defendant's statement assuring customers that "copyright fees are included" in its charges is patently false at least as regards those reproductions of material from Plaintiffs' Journals that have been imported into and distributed within the United States. It therefore constitutes false advertising, and thus an unfair and deceptive act or practice in the conduct of trade, in violation of Chapter 93A of the Massachusetts General Laws, and the corresponding laws of the several states into which defendant delivers copies of plaintiffs' works.

## COUNT 40

### Unfair Competition

52. Defendant's statement assuring customers that "copyright fees are included" in its charges is patently false at least as regards those reproductions of material from Plaintiffs' Journals that have been imported into and distributed within many other countries of the world, the identity of which will be established during the course of this action. It therefore constitutes unfair competition under applicable law.

53. The U.S. Plaintiffs are entitled to relief from this Court on account of such unfair competition.

54. The identification of the countries where the U.S. Plaintiffs' rights have been violated will be determined in the course of discovery.

55. All plaintiffs not domiciled within the United States expressly reserve their rights to sue for such unfair competition under the laws of the several countries concerned and in the appropriate forum or fora.

WHEREFORE plaintiffs pray that this Honorable Court:

A. Issue a preliminary order enjoining defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all further importation into, distribution within, and display within, the United States, by any means or method, of contents from the books, journals, or other publications published by plaintiffs or any of them, during the pendency of this litigation, unless the same is authorized by plaintiffs;

B. Issue an order permanently enjoining defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all further importation into, distribution within, and display within, the United States, by any means or method, of contents from the books, journals, or other publications published by plaintiffs or any of them, unless the same is authorized by plaintiffs;

C. Issue a preliminary order enjoining defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all further reproduction, distribution, issuing to the public, importation, communication to the public, and/or making available to the public, within any country other than the United States, by any means or method, of contents from the books, journals, or other publications published by the U.S. Plaintiffs or any of them, and from authorizing the same, during the pendency of this litigation, unless such reproduction is authorized by the U.S. Plaintiffs;

D. Issue an order permanently enjoining defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all further reproduction, distribution, issuing to the public, importation, communication to the public, and/or making available to the public, within any country other than the United States, by any means or method, of contents from the books, journals, or other publications published by the U.S. Plaintiffs or any of them, and from authorizing the same, unless such reproduction is authorized by the U.S. Plaintiffs;

E. Award plaintiffs statutory damages for defendant's infringement and willful infringement in the maximum amount permitted by law, or in the alternative where applicable all of their direct and consequential damages arising from defendant's infringement of copyright;

F. Award plaintiffs an accounting of defendant's profits from infringement;

G. Award plaintiffs their reasonable attorneys' fees, costs of suit and interest; and

H. Award plaintiffs such other and further relief as the Court deems just and proper.

> BLACKWELL PUBLISHING, INC.,
> ELSEVIER, INC.,
> ELSEVIER SCIENCE B.V.,
> WALTER de GRUYTER GmbH & CO. KG
> WILEY-LISS, INC., and
> WILEY PERIODICALS, INC.,
> Plaintiffs,
>
> By their attorneys,

Dated: January 8, 2004

> William S. Strong, Esq., BBO #483520
> Amy C. Mainelli, Esq. (BBO# not yet assigned)
> KOTIN, CRABTREE & STRONG, LLP
> One Bowdoin Square
> Boston, MA 02114
> (617) 227-7031
> (617) 367-2988 (fax)

WSS/elsevier/zbmed/complaint

15

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** BLACKWELL PUBLISHING, INC., ELSEVIER, INC., ELSEVIER B.V., WALTER de GRUYTER GmbH & CO. KG, MASSACHUSETTS MEDICAL SOCIETY, WILEY-LISS, INC. and WILEY PERIODICALS, INC.

**DEFENDANTS** FEDERAL STATE OF NORDRHEIN-WESTFALEN, GERMANY, d/b/a ZBMED

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM S. STRONG, ESQ.
KOTIN, CRABTREE & STRONG
1 BOWDOIN SQUARE, BOSTON, MA 02114
(617) 227-7031

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | XX 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | XX 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- XX 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- XX 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

THIS IS AN ACTION FOR INFRINGEMENT OF COPYRIGHTS BELONGING TO PLAINTIFFS, AND FOR FALSE ADVERTISING.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TO BE DETERMINED

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes XX No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE
JANUARY 8, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) BLACKWELL PUBLISHING, INC., ET AL v.
    FEDERAL STATE OF NORDRHEIN-WESTFALEN, GERMANY, d/b/a ZBMED, et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [XX]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    [ ]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    [ ]   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]    NO [XX]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                          YES [ ]    NO [XX]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]    NO [XX]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]    NO [XX]

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule
    40.1(d)).

                                                          YES [ ]    NO [XX]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division [ ]        Central Division [ ]        Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies,  residing in Massachusetts reside?

         Eastern Division [XX]       Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                          YES [ ]    NO [XX]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    William S. Strong, Esq.

ADDRESS           c/o Kotin, Crabtree & Strong, 1 Bowdoin Square, Boston, MA 02114

TELEPHONE NO.     (617) 227-7031

(Coversheetlocal.wpd  - 10/17/02)